In the Matter of WASHBURN'S DAIRY, INC., Petitioner, against HARVEY W. MANSFIELD, as Mayor of the City of Johnstown, et al., Respondents.

Supreme Court, Special Term, Fulton County, November 16, 1951.

*H. Andrew Schlusberg* for petitioner.

*Carrol S. Walsh* for respondents.

*Murphy & Niles* for Johnstown Milk Dealers Association.

BEST, J. This proceeding under article 78 of the Civil Practice Act is to review the denial by the board of health of the city of Johnstown, New York, of a permit to the petitioner to sell milk at its store in the city of Johnstown, New York, and for an order directing the issuance of such permit by the respondents.

For some years prior to the commencement of this proceeding, the petitioner manufactured and processed various milk products at its milk plant located in the city of Gloversville, New York, and sold and distributed these products at a retail store located at 145 North Main Street, Gloversville, New York. Petitioner also owned and operated a retail store located at 213 North Perry Street in the city of Johnstown, New York, where milk was sold at retail. Petitioner was duly licensed by the Commissioner of Agriculture and Markets as a milk dealer with its place of business located at 145 North Main Street, Gloversville, New York. On October 15, 1949, petitioner applied to the Commissioner of Agriculture and Markets for an extension of its license to permit the sale of fluid milk, dairy products and the ice cream from its afore-mentioned store in the city of Johnstown, New York, and a hearing on this application was held at Albany, New York, on December 1, 1949. On February 17, 1950, the commissioner advised the petitioner that it was not necessary to have a formal extension of its license in order to sell its products at retail in the Johnstown store. (It should be noted that in order to avoid any misunderstanding the commissioner, after the commencement of this proceeding, did issue an indorsement extending the petitioner's license to include the Johnstown location.) Application was then made to the proper authorities of the city of Johnstown for a permit to sell milk at retail at the Johnstown location and this permit was denied.

1. "By reason of the fact that there is a surplus of milk in the City of Johnstown and that further quantities are deemed unnecessary", and

2. "That to permit additional quantities to be sold within the City of Johnstown would result in unnecessary expense to the said City in making physical examination of herds, barn scoring and periodic inspection of milk and pasteurizing plant for bacterial analysis ".

It is the petitioner's contention that such permit may not be denied because of the first reason assigned by respondents as this is a matter solely for the determination of the Commissioner of Agriculture and Markets, and that the second assigned reason is untenable because, in fact, no substantial additional expense would be incurred as the premises and facilities to be inspected are in the same area now being covered by the respondents' inspectors for other licensees.

The respondents' principal contention now appears to be that section 258-j of the Agriculture and Markets Law prohibits the issuance of a permit because they have not satisfied the Commissioner of Agriculture and Markets that the proposed added milk supply is reasonably needed for such municipality. This section provides, in part, as follows: " No health officer of any county, city or village of this state shall hereafter approve any premises on which milk is produced or any plant in which milk is handled or authorize the shipment of milk from such premises or plant for sale or use within this state without first satisfying the commissioner that such proposed added milk supply is reasonably needed for such municipality, will not deprive another municipality of a supply, present or future, more conveniently related to it, and that such supply can be inspected and kept under inspection without undue expense."

It appears to this court that the distribution of milk and a determination concerning surpluses and shortages is controlled solely by the Commissioner of Agriculture and Markets. In the present case the petitioner made a formal application to the commissioner for an extension of its then existing license to include the Johnstown location and after a hearing the petitioner was advised in writing that no extension was necessary in order to carry on the proposed retail business at such added location and this was later confirmed by the actual issuance of a formal extension to be attached to petitioner's license. Thus the commissioner passed on the questions which were the basis of respondents' refusal to issue a permit and it seems apparent that the city health department or officer was relieved from any necessity of taking affirmative action to satisfy the commissioner that such proposed added milk supply was reasonably needed, would not deprive another municipality of a supply or that such source of supply could be inspected without undue expense.

It is this court's opinion that the provisions of section 258-j must be read together with all of the other provisions of article 21 of the Agriculture and Markets Law and particularly section 258-c and section 257. It would appear that the control of distribution was intended to be left with the Commissioner of Agriculture and Markets and that the various health departments' and health officers' function was to make proper inspections to control the quality and safeguard the health of the users within the territory under their jurisdiction.

Accordingly the first reason assigned for a denial of the permit to the petitioner is unauthorized and invalid.

It has not been seriously urged on the argument of this proceeding that any undue expense for inspection would be involved in the event this permit was issued. However, this may involve a question of fact requiring proof and if the respondents indicate within ten days of the receipt of this decision that they desire an opportunity to be heard further on this issue or require evidence to be taken a date will be fixed for that purpose. Otherwise an order may be submitted by the petitioner on two days' notice to the respondents granting the relief requested and requiring the issuance of a permit allowing the petitioner to distribute and sell milk, cream and dairy products, manufactured, processed and bottled at its milk plant in Gloversville, New York, from its store located at 213 North Perry Street, Johnstown, New York.